JUDGE KOELTL

Michael Faillace
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

15 CV 00431

RECEIVED
JAN 21 2015
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

OSCAR MENDEZ, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

ANDY JAMES DELI INC. (d/b/a ANDY'S DELI), JOHN DOE INC. (d/b/a ANDY'S DELI), KI NAM WHANG, YANG SOON WHANG, AND JOHN DOE,

*Defendants.*

---------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Oscar Mendez ("Plaintiff Mendez" or "Mr. Mendez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against each of Defendants Andy James Deli Inc. (d/b/a Andy's Deli), John Doe Inc. (d/b/a Andy's Deli) and Ki Nam Whang, Yang Soon Whang, and John Doe (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Mendez is a former employee of Defendants Andy James Deli Inc. (d/b/a Andy's Deli), John Doe Inc. (d/b/a Andy's Deli) ("Defendant Corporations"), Ki Nam Whang, Yang Soon Whang, and John Doe.

2. Andy's Deli is a deli owned by Ki Nam Whang, Yang Soon Whang, and John Doe located at 291 Broadway, New York, NY 10007.

3. Upon information and belief, Defendants Ki Nam Whang, Yang Soon Whang, and John Doe serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate the deli.

4. Plaintiff Mendez is a former employee of Defendants.

5. Plaintiff Mendez was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including dishwashing, carrying down and stocking deliveries in the basement, bringing up items for the deli workers, sweeping and mopping, cleaning the entire business including bathroom, filters, windows, oven grills, twisting and tying up cardboard boxes, taking out the garbage, bringing up sodas and other drinks and stocking the refrigerator, ordering juices, yogurts and milk and making the different kinds of cream cheeses (vegetable, onion, strawberry, apple, etc.) (hereinafter non-tip/non-delivery duties).

6. At all times relevant to this Complaint, Plaintiff Mendez worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

7. Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Mendez the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Mendez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants employed and accounted for Plaintiff Mendez as a delivery worker in their payroll, but in actuality his duties included greater or equal time spent performing the non-delivery, non-tipped functions such as those alleged above.

10. At all times, regardless of duties, Defendants paid Plaintiff Mendez and all other delivery workers at the lowered tip-credited rate.

11. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Mendez's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

12. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Mendez's actual duties in payroll records to avoid paying Plaintiff Mendez at the minimum wage rate, and to enable them to pay Plaintiff Mendez at the lower tip-credited rate by designating him as a delivery worker instead of a non-tipped employee.

13. Defendants' conduct extended beyond Plaintiff Mendez to all other similarly situated employees.

14. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendez and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

15. Plaintiff Mendez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and

the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16. Plaintiff Mendez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Mendez's state law claims is conferred by 28 U.S.C. § 1367(a).

18. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Mendez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

19. Plaintiff Mendez is an adult individual residing in Queens County, New York.

20. Plaintiff Mendez was employed by Defendants from approximately August 2010 until on or about November 2014.

21. At all relevant times to this Complaint, Plaintiff Mendez was ostensibly employed by Defendants as a delivery worker at the deli.

22. Plaintiff Mendez consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23. At all times relevant to this complaint, Defendants owned, operated, and/or controlled a deli located at 291 Broadway, New York, New York 10007.

24. Upon information and belief, Andy James Deli Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 291 Broadway, New York, New York 10007.

25. Upon information and belief, John Doe Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 291 Broadway, New York, New York 10007.

26. Defendant Ki Nam Whang is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Ki Nam Whang is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

27. Defendant Ki Nam Whang possesses or possessed operational control over Defendant Corporations, had an ownership interest in Defendant Corporations, and/or controlled significant functions of Defendant Corporations. Defendant Ki Nam Whang determined the wages and compensation of the employees of Defendants, including Plaintiff Mendez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

28. Defendant Yang Soon Whang is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Yang Soon Whang is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

29. Defendant Yang Soon Whang possesses or possessed operational control over Defendant Corporations, had an ownership interest in Defendant Corporations, and/or controlled significant functions of Defendant Corporations. Defendant Yang Soon Whang determined the wages and compensation of the employees of Defendants, including Plaintiff Mendez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

30. Defendant John Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant John Doe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

31. Defendant John Doe possesses or possessed operational control over Defendant Corporations, had an ownership interest in Defendant Corporations, and/or controlled significant functions of Defendant Corporations. Defendant John Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Mendez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

32. Defendants operate a deli located in the downtown section of Manhattan.

33. Individual Defendants Ki Nam Whang, Yang Soon Whang, and John Doe possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

34. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

35. Each Defendant possessed substantial control over Plaintiff Mendez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Mendez, and all similarly situated individuals, referred to herein.

36. Defendants jointly employed Plaintiff Mendez, and all similarly situated individuals, and are Plaintiff Mendez's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

37. In the alternative, Defendants constitute a single employer of Plaintiff Mendez and/or similarly situated individuals.

38. Upon information and belief, individual defendants Ki Nam Whang, Yang Soon Whang, and John Doe operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as legal entities separate and apart from themselves by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b) defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporations for their own benefit and maintaining control over them as closed corporations or closely controlled entities;

(f) intermingling assets and debts of their own with those of Defendant Corporations;

(g) diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

39. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

40. Defendants had the power to hire and fire Plaintiff Mendez, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Mendez's services.

41. In each year from 2010 to the present, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

42. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the deli on a daily basis, such as meat and noodles, were produced outside of the State of New York.

*Individual Plaintiff*

43. Plaintiff Mendez is a former employee of Defendants, ostensibly employed as a delivery worker, but who spent up to the entire day performing the non-delivery, non-tip duties outlined above.

44. Plaintiff Mendez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Oscar Mendez*

45. Plaintiff Mendez was employed by Defendants from approximately August 2010 until on or about November 2014.

46. At all times relevant to this Complaint, Plaintiff Mendez ostensibly was employed by Defendants as a delivery worker. However, Plaintiff Mendez spent up to the entire work day performing the non-delivery, non-tip duties outlined above.

47. Plaintiff Mendez regularly handled goods in interstate commerce, such as juices and dishwashing liquid produced outside of the State of New York.

48. Plaintiff Mendez's work duties required neither discretion nor independent judgment.

49. Throughout his employment with Defendants, Plaintiff Mendez regularly worked in excess of 40 hours per week.

50. From approximately August 2010 until on or about November 2014, Plaintiff Mendez worked from approximately 6:00 a.m. until on or about 6:00 p.m. Mondays through Fridays, and from approximately 7:00 a.m. until on or about 4:00 p.m. on Saturdays (typically 69 hours per week).

51. Throughout his employment with defendants, Plaintiff Mendez was paid his wages in cash.

52. From approximately August 2010 until on or about November 2013, Plaintiff Mendez was paid a fixed salary of $380 per week.

53. From approximately November 2013 until on or about November 2014, Plaintiff Mendez was paid a fixed salary of $420 per week.

54. Defendants did not provide Plaintiff Mendez meal breaks of any kind.

55. Plaintiff Mendez was never notified by Defendants that his tips would be included as an offset for wages.

56. Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Mendez's wages.

57. Defendants withheld a portion of Plaintiff Mendez's tips; specifically, Defendants pocketed fifty percent of all tips on any catering or large delivery orders which Plaintiff Mendez delivered twice a day.

58. Defendants did not provide Plaintiff Mendez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

59. Prior to January 2012, Plaintiff Mendez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards,

that accurately reflected his actual hours worked.

60. Defendants never provided Plaintiff Mendez with a written notice, in English and in Spanish (Plaintiff Mendez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mendez regarding overtime and wages under the FLSA and NYLL.

62. Defendants required Mr. Mendez to purchase "tools of the trade" with his own funds—including a delivery bike for $150.00 and $100 in bike repairs. Thus, the total cost of the "tools of the trade" Mr. Mendez was required to purchase as a delivery person was approximately $250.00.

*Defendants' General Employment Practices*

63. Defendants regularly required Plaintiff Mendez to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime and spread of hours compensation.

64. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

65. At no time did Defendants inform Plaintiff Mendez that they had reduced his hourly wage by a tip allowance.

66. Defendants required Plaintiff Mendez, and all other delivery workers, to perform general non-delivery, non-tipped deli tasks in addition to their primary duties as delivery workers.

67. Plaintiff Mendez and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

68. Plaintiff Mendez and all other delivery workers were paid at the lowered tip-credited rate by Defendants; however, under state law Defendants were not entitled to a tip credit because Plaintiff Mendez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

69. New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

70. Plaintiff Mendez's duties were not incidental to his occupation as delivery worker, but instead constituted entirely unrelated general deli work with duties including the non-tipped duties described above.

71. In violation of federal and state law as codified above, Defendants classified Plaintiff Mendez and other delivery workers as tipped employees and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

72. Defendants' pay practices resulted in Plaintiff Mendez not receiving payment for all his hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum and overtime wage rate.

73. Plaintiff Mendez was paid his wages entirely in cash.

74. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

75. By employing these practices, Defendants avoided paying Plaintiff Mendez the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

76. Defendants failed to post required wage and hour posters in the deli, and did not provide Plaintiff Mendez with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Mendez's relative lack of sophistication in wage and hour laws.

77. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Mendez (and similarly situated individuals) worked, and to avoid paying Plaintiff Mendez properly for (1) his full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

78. Defendants failed to provide Plaintiff Mendez and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

79. Defendants failed to provide Plaintiff Mendez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

80. Plaintiff Mendez brings his FLSA overtime wages and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Ki Nam Whang, Yang Soon Whang, and John Doe (the "FLSA Class").

81. At all relevant times, Plaintiff Mendez and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay

provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Mendez's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

82. The claims of Plaintiff Mendez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## (VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS)

83. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

84. At all times relevant to this action, Defendants were Plaintiff Mendez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Mendez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

85. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87. Defendants failed to pay Plaintiff Mendez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88. Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89. Plaintiff Mendez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE FLSA OVERTIME PROVISIONS)**

90. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

91. At all times relevant to this action, Defendants were Plaintiff Mendez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Mendez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

92. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

93. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

94. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Mendez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

95. Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

96. Plaintiff Mendez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)**

97. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

98. At all times relevant to this action, Defendants were Plaintiff Mendez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Mendez (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

99. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Mendez (and the FLSA Class members) less than the minimum wage.

100. Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

101. Plaintiff Mendez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK STATE LABOR LAW'S OVERTIME PROVISIONS)**

102. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

103. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Mendez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

104. Defendants failed to pay Plaintiff Mendez (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

105. Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

106. Plaintiff Mendez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)**

107. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

108. Defendants failed to pay Plaintiff Mendez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Mendez's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New

York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009).

109. Defendants' failure to pay Plaintiff Mendez an additional hour's pay for each day Plaintiff Mendez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

110. Plaintiff Mendez was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE UNAUTHORIZED DEDUCTION PROVISIONS OF THE NEW YORK LABOR LAW)**

111. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

112. At all relevant times, Defendants were Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

113. Defendants made unauthorized deductions from Plaintiff's pay in violation of NYLL § 193.

114. Defendants' conduct in making unauthorized deductions from Plaintiff's pay was done knowingly and intentionally.

115. Plaintiff Mendez was damaged in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)**

116. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

117. Defendants failed to provide Plaintiff Mendez with a written notice, in English

and in Spanish (Plaintiff Mendez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

118. Defendants are liable to Plaintiff Mendez in the amount of $2,500, together with costs and attorney's fees.

## EIGHTH CAUSE OF ACTION
## (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

119. Plaintiff Mendez repeats and realleges all paragraphs above as though set forth fully herein.

120. Defendants did not provide Plaintiff Mendez with a statement of wages with each payment of wages, as required by NYLL 195(3).

121. Defendants are liable to Plaintiff Mendez in the amount of $2,500, together with costs and attorney's fees.

## NINTH CAUSE OF ACTION
## (VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NYLL)

122. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

123. At all relevant times, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

124. Defendants failed to pay Plaintiff in a timely fashion, as required by NYLL § 191.

125. Defendants failing to pay Plaintiff in a timely fashion was done knowingly and intentionally.

126. Plaintiff Mendez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mendez respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be FLSA class members in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendez and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendez and the FLSA class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Mendez's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Mendez and the FLSA class members;

(f) Awarding Plaintiff Mendez and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g) Awarding Plaintiff Mendez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendez and the members of the FLSA Class

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendez and the members of the FLSA Class;

(j) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Mendez and the members of the FLSA Class;

(k) Declaring that Defendants violated the unauthorized deduction provisions of the NYLL as to Plaintiff Mendez and the members of the FLSA Class;

(l) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Mendez and the members of the FLSA Class;

(m) Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Mendez's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(n) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Mendez and the FLSA Class members;

(o) Awarding Plaintiff Mendez and the FLSA class members damages for the amount

of unpaid overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(p) Awarding Plaintiff Mendez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q) Awarding Plaintiff Mendez and the FLSA class members damages for Defendants' failure to pay Plaintiff in a timely fashion, as required by NYLL § 191;

(r) Awarding Plaintiff Mendez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(s) Declaring that Defendants' violations of the NYLL was willful as to Plaintiff Mendez and the FLSA class members;

(t) Awarding Plaintiff Mendez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(u) Awarding Plaintiff Mendez and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(v) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(w) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 21, 2015

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: Michael A. Faillace
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*